UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYMON KINCAID,  No. 04-71090

    Petitioner,  District Judge Avern Cohn

v.  Magistrate Judge R. Steven Whalen

KURT JONES, Warden,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Waymon Kincaid has filed, through counsel, a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his State "parolable" life sentence for second degree murder. Before the Court is Petitioner's Motion for Summary Judgment [Docket #18], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because Petitioner has received relief in a separate class action suit brought under 42 U.S.C. § 1983, I recommend that the Motion for Summary Judgment be DENIED, and that the Petition be DISMISSED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted by a jury in the Recorder's Court for the City of Detroit,[1] the Honorable Samuel C. Gardner, presiding, of second degree murder, M.C.L § 750.317. On

---

[1] Now Wayne County Circuit Court, Criminal Division.

-1-

November 1, 1976, Petitioner was sentenced to a term of "parolable" life imprisonment. After direct appeal, Petitioner filed a *pro se* Motion for Relief from Judgment, pursuant to chapter 6.500 of the Michigan Court Rules. On September 26, 2001, the Honorable James R. Chylinski, Judge Gardner's successor, denied the motion, and on September 26, 2002–notwithstanding an affidavit from Judge Gardner stating that he had a misconception about when Petitioner would be paroled on a "parolable" life sentence–Judge Chylinski denied a motion for reconsideration.

On March 25, 2004, Petitioner filed the present Petition, raising the following claims:

I. THE PAROLE BOARD'S CONTINUED INCARCERATION OF PETITIONER KINCAID BASED ON THE BOARD'S RETROACTIVE APPLICATION OF ITS NEW POLICY CONVERTING A PAROLABLE LIFE SENTENCE INTO A NON-PAROLABLE LIFE SENTENCE INCREASED PETITIONER'S PUNISHMENT IN VIOLATION OF THE CONSTITUTIONAL GUARANTEE AGAINST EX POST FACTO LAWS.

II. WHEN THE SENTENCING JUDGE IMPOSED A SENTENCE UNDER THE MISCONCEPTION OF WHEN A DEFENDANT WOULD BE RELEASED UNDER A LIFE SENTENCE, THE SENTENCE VIOLATES DUE PROCESS OF LAW.

However, on March 1, 2007, at the request of the parties,[2] the Court held the Petition in abeyance pending the resolution of a separate class action suit in this district, *Foster-Bey, et.al. v. Rubitschun, et.al*, No. 05-71318, assigned to Judge Marianne Battani. Petitioner Kincaid is a named plaintiff in *Foster-Bey*, and the complaint in that case was filed on April 5, 2005. *Foster-Bey* involves the precise ex post facto claim involved in the present petition.

---

[2] Petitioner filed the motion to hold the petition in abeyance, noting the Respondent's concurrence.

My order holding this case in abeyance [Docket #17] noted:

> "That case [*Foster-Bey*] raises precisely the same issue raised in this habeas petition. There has been extensive discovery in the *Foster-Bey* case, and cross-motions for summary judgment are pending.
>
> Accordingly, I agree with the parties that judicial resources in this fact-intensive statistic-intensive case would be better conserved, and the possibility of inconsistent judgments avoided, by holding this case in abeyance as requested."

On October 23, 2007, Judge Battani issued an Opinion and Order in *Foster-Bey*, granting the plaintiffs' motion for summary judgment. Following extensive discovery and statistical analysis, Judge Battani held that the cumulative effect of post-1992 statutory and policy changes in Michigan's parole system,[3] along with a "change in the collective philosophy" of the Parole Board that effectively "limits the exercise of [the Board's] discretion in a manner contrary to the substantive [statutory] standard and guidelines," resulted in a significant risk of prolonging the plaintiffs' incarceration, in violation of the Ex Post Facto Clause. *See Garner v. Jones*, 529 U.S.244, 120 S.Ct. 1392, 146 L.Ed.2d 236 (2000).

Judge Battani did not fashion relief in the October 23rd Opinion and Order. However, on February 7, 2008, she issued a Declaratory Judgment and First Remedial Injunctive Order that set forth a protocol under which the Parole Board would review members of the plaintiff

---

[3] The Michigan Legislature enacted substantial changes to the parole system in 1992, and again in 1999.

class under the policies, procedures and standards in place before 1992.[4]

Given the decision in *Foster-Bey*, I have, by separate order, vacated the order holding this Petition in abeyance.

## II.   DISCUSSION

### A.  Ex Post Facto Clause

As noted, the Ex Post Facto issue raised in this habeas corpus petition is identical to the claim raised in the separate § 1983 class action that Judge Battani decided. The Sixth Circuit has held it improper for a class action plaintiff to pursue an individual action that is duplicative of the class action. *See Groseclose v. Dutton*, 829 F.2d 581, 584 (6th Cir. 1987), where the Court stated:

> "To allow two or more district judges to issue directions to prison officials simultaneously would be to create... an 'inefficient' situation, fraught with potential for inconsistency, confusion, and unnecessary expense."

Indeed, it was the preservation of judicial resources and the desire to avoid possibly inconsistent judgments that led the parties to request, and the Court to grant, a stay of this case pending the outcome of *Foster-Bey*. Furthermore, the fact that the two actions have been filed under separate statutes–this Petition under 28 U.S.C. § 2254, and *Foster-Bey* under 42 U.S.C. § 1983–is of no import. In *Townsend v. Vasbinder*, 2007 WL 4557715, *3-4 (E.D.

---

[4] The Order states, "[R]elief must include prompt personal parole review of the plaintiff class, subject to the laws, policies, procedures, and applying the standards, that were the norm for the decades before 1992. By this order the Court is giving the defendants a chance to show that they are both willing and able to remedy the constitutional violation. If they cannot, then stronger remedial measures will become necessary." *Foster-Bey*, No. 05-71318, doc. #168.

Mich. 2007), Judge Cleland dismissed a habeas claim brought under the Ex Post Facto clause where it was duplicative of the § 1983 claim in *Foster-Bey*, reasoning as follows:

> "Although the actions are filed under different statutory authority,...there is no practical difference between the claims raised and relief sought in the two cases. In addition, the Sixth Circuit has not recognized any meaningful difference between filing these types of claims under § 1983 and § 2254, allowing similar claims to proceed under either statute."

\*                                                 \*                                                 \*

> "The court concludes that permitting Petitioner to proceed with claims encompassed within the class action would create 'an "inefficient" situation, fraught with potential for inconsistency, confusion, and unnecessary expense.' *Groseclose*, 829 F.2d at 584. Therefore, Petitioner's *ex post facto* and due process claims shall be dismissed because they are duplicative of and have been subsumed by the claims asserted in the class action." (Footnotes omitted).

Finally, *Townsend* observed that, as in the present case, the habeas petition was filed before the class action complaint, but dispensed with the general rule that the action that was filed first should proceed to judgment first. Noting that district courts "have the discretion to dispense with the first-to-file rule where equity so demands," the court stated, at \*4, fn. 4:

> "The court finds that extraordinary circumstances present themselves in this case. Although Petitioner's petition was filed prior to the class-action complaint, the issues in the class action were substantially developed by the time the answer and Rule 5 materials were received in this case. In addition, the class members have already received a favorable ruling from a judge in this district. Proceeding to judgment on the duplicative claims would create a risk of the issuance of two competing judgments."

Petitioner Kincaid has obtained relief in his separate class action case. Under the reasoning of *Townsend* and *Groseclose*, his Ex Post Facto claim should be dismissed.

### B. Due Process

In *Townsend*, Judge Cleland ordered the petitioner to show cause why his "unique claim" for resentencing–which the court found to not be duplicative of *Foster-Bey*–should not be dismissed. In the present case, the Petitioner also requests a resentencing under a Due Process theory, that is, "the sentencing judge imposed a sentence under the misconception of when a defendant would be released under a life sentence." However, because the parties have fully briefed this issue, a show cause order is unnecessary. Further, because the relief afforded in *Foster-Bey* fully effectuates the sentencing judge's intent, and because there is no due process right to parole, I recommend that the entire Petition be dismissed.

Under Michigan law, Plaintiff has no liberty interest–and hence no due process right–in being released on parole. There is no constitutional right to be paroled before the expiration of a sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the institution of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.; Bd. of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). In *Sweeton v. Brown,* 27 F.3d 1162, 1164-65 (6th Cir.1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. *See also Glover v. Mich. Parole Bd.,* 460 Mich. 511, 596 N.W.2d 598, 603-04 (1999) (recognizing that there is no liberty interest in parole under the Michigan system); *Maile v. Lafler* 2006 WL 229876, *5 (E.D.Mich.,2006) (Tarnow, J.) ("Because the Michigan

Parole Board has discretion to grant or deny parole, a Michigan prisoner does not have a protected liberty interest in being paroled prior to the expiration of his or her sentence.").

Judge Gardner states by affidavit that he sentenced Petitioner to a life term "under a misconception about when Mr. Kincaid would be released under a parolable life sentence."[5] Judge Garnder also states that his intent was that Petitioner would serve no more than between 15 and 30 years. The judge is saying that, in effect, he sentenced Petitioner to a "parolable life term" based on a mistake of law and/or fact as to what that meant. This kind of error is conceptually linked to a due process claim, i.e., a criminal defendant has a due process right to be sentenced on the basis of accurate information. *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948).[6] However, as discussed above, Petitioner is not entitled to habeas relief based on his claim of a due process violation.

Judge Gardner's mistake or misconception about the length of time a lifer might serve before being granted parole is based on, and became apparent, only after the post-1992 changes to the parole system, as discussed in *Foster-Bey*. In other words, Judge Gardner

---

[5] Judge Gardner's affidavit is attached to the Petition as Exhibit C.

[6] To the extent that Petitioner argues that resentencing is the appropriate remedy for the Ex Post Facto violation, I note that following further briefing in *Townsend*, Judge Cleland denied this relief because, applying the deferential standard of review set forth in 28 U.S.C. § 2254(d)(1), the state court decision was not an unreasonable application of clearly established federal law, as determined by the Supreme Court. In other words, "[w]hile a reasonable jurist could conclude, and, in the class action lawsuit, *did* conclude, that the changes [to the parole system] violated the *Ex Post Facto* clause, it was not unreasonable for the state court to reach a contrary conclusion." *Townsend v. Vasbinder*, No. 04-74846, doc. #28.

believed that Petitioner's eligibility for parole would be assessed under the standards and procedures that existed before 1992. He did not state that he intended to sentence the Petitioner to a *specific* minimum term, e.g., 15 or 20 or 30 years, but rather, *if* Petitioner took advantage of "the opportunity to mature and be released from prison as a productive member of society," he would be paroled some time between 15 and 30 years. Assuming that Petitioner is in fact ready to reenter free society as a productive citizen–as Judge Gardner now believes he is–Judge Battani's decision in *Foster-Bey* effectuates Judge Gardner's intent at sentencing: that the Parole Board consider his case under the standards that existed between 1976 and 1992. This, not resentencing, is the appropriate remedy.

### III. CONCLUSION

For these reasons, I recommend that Petitioner's Motion for Summary Judgment [Docket #18] be DENIED and that the Petition be DISMISSED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit*

*Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: June 23, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 23, 2008.

S/G. Wilson
Judicial Assistant
