UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYMON KINCAID,

    Petitioner,

                                                          Case No. 04-71090

-vs-                                                 Hon. AVERN COHN

KURT JONES, Warden,
Carson City Correctional Facility,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND
## DENYING APPLICATION FOR WRIT OF HABEAS CORPUS AND PETITIONER'S MOTION FOR SUMMARY JUDGMENT
## AND
## DISMISSING CASE

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Waymon Kincaid (Kincaid) is currently in the custody of the State of Michigan at Carson City Correctional Facility as a consequence of his conviction on a charge of second-degree murder. With the help of counsel, Kincaid is challenging the Parole Board's retroactive application of a policy converting a parolable life sentence into a non-parolable life sentence. Kincaid claims this is a violation of the guarantee against ex post facto laws and a violation of due process. As will be explained, Kincaid was granted relief in a separate class action brought in this district under 42 U.S.C. § 1983.

The case was referred to a magistrate judge for all pre-trial matters. Kincaid filed a motion for summary judgment. The magistrate judge issued a Report and

Recommendation (MJRR) recommending that the motion for summary judgment be denied and the petition be dismissed because Kincaid has been afforded relief in separate proceedings.

Before the Court are Kincaid's objections to the MJRR.

## II.

In 1976, Kincaid was convicted by a jury of second-degree murder under M.C.L. § 750.317. The trial judge sentenced him to a term of "parolable" life imprisonment. In 1992, statutory and policy changes in Michigan's parole system began taking place. In 2001, after twenty-five years in prison, Kincaid filed a pro se motion for relief from judgment, which the trial judge's successor denied. The following year, Kincaid filed a motion for reconsideration, which was also denied. The motion for reconsideration was supported by the trial judge's affidavit that he believed Kincaid would be paroled after ten years and subsequently released. He said, "I never intended that Mr. Kincaid serve the 26 years he has already served." The trial judge also said it had been his intent "to allow Mr. Kincaid the opportunity to mature and be released from prison as a productive member of society." He intended that Kincaid serve "no more [than] 15 to 30 years." However, the trial judge believed a long term of years was harsher than a life sentence because of the Parole Board's practice at the time of paroling defendants who had made substantial rehabilitation upon completion of ten years and those defendants who had received parolable life sentences were, in fact, released from prison. From a summary of Kincaid's institutional record, the judge believed he had made "substantial progress toward rehabilitation." The trial judge concluded, "I believe that the sentence I

imposed in 1976 is now invalid, as it was based on a misconception of when Mr. Kincaid would actually be released and because the actual sentence served violates my intent."

Kincaid filed this petition for habeas corpus in 2004, claiming that (1) the Parole Board's retroactive application of its new 1992 policy converting a parolable life sentence into a non-parolable life sentence increased Kincaid's punishment in violation of his constitutional guarantee against ex post facto laws, and (2) the trial judge's imposition of a sentence under a misconception of when Kincaid would be released under a life sentence violated his due process rights. Kincaid requests the Court order the warden to release him from custody or to require the State of Michigan to resentence him within a specified time.

At the request of the parties, the Court held the petition in abeyance pending resolution of a separate action in this district. (March 1, 2007) (Dkt. 17). In the other proceeding, Foster-Bey v. Rubitschun, No. 05-71318 (E.D. Mich.), a group of plaintiff prisoners filed suit under § 1983 presenting the precise ex post facto claim involved here. Kincaid is a named plaintiff in the class action. In its final order for purposes of appeal, the district court issued a declaratory judgment and injunctive order fashioning relief and requiring the Parole Board to give "prompt personal parole review" to the plaintiff class under the norms used before 1992. Foster-Bey at 2 (Feb. 7, 2008) (Dkt. 168). In an earlier order, the district court found that the cumulative effect of the post-1992 statutory and policy changes in the parole system, along with a "change in the collective philosophy" of the Parole Board that effectively "limits the exercise of [the Board's] discretion in a manner contrary to the substantive [statutory] standard and guidelines," resulted in a significant risk of prolonging the plaintiffs' incarcerations, in

3

violation of the Ex Post Facto Clause. Foster-Bey at 21–23 (Oct. 23, 2007) (Opinion & Order Granting Plaintiffs' Motion for Summary Judgment & Denying Defendant's Motion for Summary Judgment) (Dkt. 143).

The State has appealed.

### III.

The portions of the MJRR that Kincaid finds objectionable are reviewed de novo. 28 U.S.C. § 636(b)(1). Kincaid lodges two objections.

First, Kincaid objects to the recommendation that his ex post facto claim be dismissed on the basis that he is entitled to relief in Foster-Bey. Kincaid says that judgment may not be final as the case is on appeal to the Sixth Circuit. He also objects because he has served almost 32 years of his parolable life sentence, time that he says is far beyond the sentence he would have served under previous Parole Board policies.

Although sympathetic to Kincaid and the other prisoners who find themselves in this same situation, the Court agrees with the MJRR. Further, while the class action is on appeal, the Foster-Bey district court is proceeding with its monitoring of the Parole Board's progress in giving prompt personal parole review to the plaintiff class as required by the district court's injunctive order. As the MJRR points out, the Sixth Circuit has held it improper for a class action plaintiff to pursue an individual action that is duplicative of the class action. Groseclose v. Dutton, 829 F.2d 581, 584 (6th Cir. 1987) ("To allow two or more district judges to issue directions to prison officials simultaneously would be to create . . . an "inefficient" situation, fraught with potential for inconsistency, confusion, and unnecessary expense.").

### IV.

Kincaid also objects to the recommendation that his due process claim be dismissed on the basis of the finding that the trial judge's intent is fully effectuated by the relief granted in Foster-Bey. While Kincaid agrees with the MJRR that there is no constitutional right to parole, he believes the MJRR misconstrues the trial judge's affidavit. Kincaid objects to the MJRR's conclusion that the trial judge was not operating under a misconception because he did not state that he intended to sentence Kincaid to a specific minimum term but rather intended that Kincaid would be paroled sometime between fifteen and thirty years if he took advantage of the opportunity to mature and be released from prison. Kincaid points to the trial judge's statement that he never intended for Kincaid to serve the twenty-six years he had already served. He says he is therefore entitled to be discharged or granted habeas relief to be resentenced to a term of fifteen to thirty years.

The trial judge made all the statements on which both the MJRR and Kincaid rely. It is difficult to reconcile all the statements with one another perfectly.[1] However, taking all the judge's statements together, it is clear, at least in his memory, that 30 years was the maximum amount of time he envisioned Kincaid would serve. Nevertheless, even under the pre-1992 norms, Kincaid's behavior would have been a significant factor in the Parole Board's decision on whether to grant parole and release Kincaid. The release would not have been automatic at ten years, nor would the decision have relied on the trial judge's opinion of Kincaid's prison record. On that

---

[1] For example, "I had every right to believe that Mr. Kincaid would be paroled after ten (10) years," followed by "I never intended that Mr. Kincaid serve the 26 years he has already served," followed by, "It was my intent that Mr. Kincaid would serve no more than 15 to 30 years."

score, the most the trial judge said in his affidavit was that he believed Kincaid had made substantial progress toward rehabilitation. He did not go so far as to state expressly that he believed Kincaid should be released.

The Parole Board might agree with the trial judge's assessment and further find that the progress Kincaid has made warrants his parole and release, or the Parole Board might wish to see more evidence of rehabilitation. The district court in <u>Foster-Bey</u> has ordered just such a review of Kincaid's record by the Parole Board. As the MJRR found: "Assuming that Petitioner is in fact ready to reenter free society as a productive citizen . . . <u>Foster-Bey</u> effectuates [the trial judge's] intent at sentencing: that the Parole Board consider his case under the standards that existed between 1976 and 1992. This, not resentencing, is the appropriate remedy." MJRR at 8.

V.

Accordingly, the findings and conclusions of the magistrate judge are ADOPTED, as supplemented above, as the findings and conclusions of the Court. Kincaid's motion for summary judgment is DENIED and the case is DISMISSED.

SO ORDERED.


Dated: October 8, 2008         s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 8, 2008, by electronic and/or ordinary mail.

                               s/Julie Owens
                               Case Manager, (313) 234-5160

6